IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| D.J.'S DIAMOND IMPORTS, LLC, et al. | * |
| Plaintiffs, | * |
| v. | *    Case No. WMN-11-2027 |
| JACK BROWN, et al., | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion and its accompanying Order address Plaintiffs' Motion to Compel Discovery, ECF No. 56-1; Defendants' Opposition to Motion to Compel, ECF No. 56-2; and, Plaintiff's Reply to Defendants' Opposition, ECF No. 56-3.[1]  In their Motion, Plaintiffs seek to compel the answers to 54 interrogatories propounded to Defendants by Plaintiff D.J.'s Diamond Imports; 15 interrogatories propounded to Defendants by Plaintiff Yaacov Dassa; and, 24 of Plaintiff Dassa's document production requests.  For the reasons stated herein, Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART.  Accordingly, this Memorandum Opinion and its accompanying Order dispose of ECF Nos. 56, 56-1, 56-2, and 56-3.

---

[1] On February 28, 2012, Judge Nickerson referred this case to then-Chief Magistrate Judge Paul Grimm to handle all discovery and related scheduling matter pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302.  ECF No. 38.  Subsequent to Judge Grimm's elevation to United States District Judge, on December 20, 2012, this case was reassigned to me to handle all discovery and related scheduling matter.

**I.     BACKGROUND**

This case involves Plaintiffs' allegations that Defendants tortiously interfered with Plaintiffs' Contract dated December 11, 2006 ("the Contract") concerning the sale of precious metals, stones and jewelry.  *See* Am. Compl., Counts XIII, XV, and XVII, ECF No. 2.[2]  In sum, Plaintiffs allege that Defendant Allen, as agent for Defendant Silverman, "used threats of physical harm, intimidation and unfulfilled promises to directly interfere with Plaintiffs['] contractual rights" under the Contract.  Am. Compl. ¶ 13, ECF No. 2.

In March and May of 2012, Plaintiffs served interrogatories and document production requests on Defendants.  *See* ECF No. 56-1 at 5.  Several months later, on July 11, 2012, the Court issued an order approving the parties' request for an informal stay of discovery.  ECF No. 39.  On November 6, 2012, the Court lifted the stay of discovery, and imposed a discovery deadline of January 31, 2013.  ECF No. 43.  Between December 10, 2012 and December 19, 2012, Defendants served responses to some of Plaintiffs' interrogatories and requests for production of documents.  *See* ECF No. 56-1 at 6-7.  Defendants did not respond to Plaintiff D.J.'s Diamond Imports' interrogatories.  *Id*.  At various times, counsel conferred with one another concerning the outstanding discovery requests, as this Court's Local Rules require.  *See* ECF No. 56-1, Loc. R. 104.7; Loc R. 104.8.b.

On January 29, 2013, counsel held a telephone conference and reviewed the discovery disputes at issue.  ECF No. 56 at 1-2.  On February 11, 2013, Plaintiffs filed a Local Rule 104.7 Certificate of Counsel stating that certain discovery requests "remain[] in dispute and cannot be resolved without judicial intervention."  *Id.* at 2.  In accordance with Local Rule 104.8, Plaintiffs

---

[2] On January 18, 2012, Judge Nickerson granted Defendants' Motion to Dismiss as to all but Plaintiffs' tortious interference claims related to the December 11, 2006 contract.  ECF No. 27.

2

appended to their Certificate a copy of their Motion to Compel and all memoranda exchanged by the parties. Thus, briefing of Plaintiffs' Motion to Compel is complete and the issues are ripe for determination by the Court. Plaintiffs request several forms of relief: (1) judgment in favor of Plaintiff D.J.'s Diamond Imports and against all Defendants for their failure to respond to interrogatories; (2) entry of an order directing Defendants to substantively answer the remaining interrogatories in dispute; (3) entry of an order directing Defendants to produce documents as requested; and, (4) an award of reasonable attorney's fees to Plaintiffs associated with the filing of the Motion to Compel. ECF No. 56-1 at 2.

## II.  DISCUSSION

Federal Rule of Civil Procedure 37(a) provides that, where notice has been given, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Fed. R. Civ. P. 37(a)(1); *see also* Loc. R. 104.7, and must be made "in the court where the action is pending," Fed. R. Civ. P. 37(a)(2). Interrogatories and document production requests are properly the subject of a motion to compel discovery under Rule 37. *See* Fed. R. Civ. P. 37(a)(3)(B).

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed. R. Civ. P. 26(b)(1). *See, e.g.*, Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 34(a) (stating that document production requests must be "within the scope of Rule 26(b)"); Fed. R. Civ. P. 36(a)(1) (limiting requests for admission to "any matters within the scope of Rule 26(b)(1)"). Under Rule 26(b)(1), "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(3) (explaining that work product or trial preparation material ordinarily is not discoverable). If good cause is shown, the Court "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

### A. Answers to Interrogatories

Federal Rule of Civil Procedure 33 governs interrogatories to parties. Interrogatories may "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Interrogatories must be answered "by the party to whom they are directed," or, where that party is a corporation, partnership, organization, or agency, "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1). To the extent they are not objected to, each interrogatory must "be answered separately and fully in writing under oath."

Fed. R. Civ. P. 33(b)(3). The party served with an interrogatory may object to the interrogatory if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 33(b)(4). For example, a party may object that the interrogatory exceeds the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), or that it would require the disclosure of attorney-client privileged or work product protected material, Fed. R. Civ. P. 26(b)(3). If the responding party objects to an interrogatory, the grounds for objecting "must be stated with specificity."[3] Fed. R. Civ. P. 33(b)(4); *see also* Loc. R. 104.6. In other words, objections to interrogatories must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38–39 (D. Md. 2000). The failure to state with specificity the grounds for an objection may result in waiver of the objection, unless the Court excuses the failure for good cause shown. Fed. R. Civ. P. 33(b)(4); *Hall*, 231 F.R.D. at 474; *Victor Stanley, Inc.*, 250 F.R.D. at 263–67. Rule 33(b)(4) "should be read in light of Rule 26(g)," which authorizes the Court "to impose sanctions on a party and attorney making an unfounded objection to an interrogatory." Fed. R. Civ. P. 33 Advisory Committee Note (1993); *see* Fed. R. Civ. P. 26(g)(1)(B), (g)(3).

### 1.     Plaintiff D.J.'s Diamond Imports' Interrogatories

On March 19, 2012, Plaintiff D.J.'s Diamond Imports propounded interrogatories to Defendant Allen, Defendant Epstein and Defendant Silverman. ECF No. 56-1 at 39-40. On May 13, 2012, Plaintiff D.J.'s Diamond Imports served amended interrogatories on the same

---

[3] If a party objects on attorney-client privilege or work product grounds, the objection must be particularized, *see* Fed. R. Civ. P. 26(b)(5)(A), and it must be accompanied by the information required by this Court's Discovery Guidelines, *see* D. Md. Loc. R., App'x A, Guidelines 7 & 10.d. Failure to do so may result in waiver. *Victor Stanley, Inc.*, 250 F.R.D. at 263–67.

defendants. ECF No. 56-1 at 41-42. Defendants did not serve answers or objections within the time limits established by Rule 33.[4] In addition, Defendants did not move for a protective order as permitted by Rule 26.[5] In their Opposition to Plaintiffs' Motion to Compel, Defendants contend that D.J.'s Diamond Imports is "not a proper plaintiff, since the only remaining claim in this case is by Dassa, individually, arising from alleged interference with his Contract. . . ." ECF No. 56-2 at 4. Defendants reference their Motion to Dismiss and for Judgment on the Pleadings, ECF Nos. 45 and 47, in support of their contention that if D.J.'s Diamond Imports is no longer a party to this action, it may not propound interrogatories to the remaining parties.[6] *Id.*

Defendants' argument has no merit. Rule 37(d)(2) states that "[a] failure [to respond to interrogatories] . . . is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Defendants do not contend that their Motion to Dismiss and for Judgment on the Pleadings should be construed as a motion for a protective order. I have reviewed the Defendants' motion and accompanying memorandum, and do not construe it as a motion for a protective order. As

---

[4] Rule 33(b)(2) provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories," absent a Court order to the contrary, or a stipulation of the parties.

[5] Rule 26(c) allows a party to move for a protective order to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense." Before seeking a protective order, the movant must confer, in good faith, with the other parties in an effort to resolve the dispute without judicial intervention. *Id.* While the Rule does not establish a time limit within which a party may move for a protective order, such motion must be "seasonable," meaning "made prior to the date set for producing the discovery." *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, at *11 (M.D.N.C. 1991). A failure to seek a protective order within this time frame may be excused for good cause, such as a lack of time to apply for a protective order before discovery is sought. *See* 6-26 Moore's Federal Practice - Civil § 26.102.

[6] At the time that this Memorandum Opinion was filed, Plaintiff D.J.'s Diamond Imports remains a party to this action.

6

such, Defendants may not be excused for failing to respond to Plaintiff D.J.'s Diamond Imports' interrogatories.

Rule 37(d) permits a Court to order sanctions if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." The Court may impose a number of sanctions, as set forth in Rule 37(b)(2)(A)(i)-(vi). In addition, or as an alternative, to any sanctions imposed, the Rule requires to Court to order "the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, the Defendants wholly failed to respond to Plaintiff D.J.'s Diamond Imports' interrogatories. Instead of answering, objecting, or seeking a protective order from the Court, Defendants simply ignored the interrogatories. In addition to ordering the Defendants to respond to the interrogatories, I remind Defendants that any objections they may have had to the interrogatories have been waived by their failure to respond. Plaintiff's Motion to Compel is GRANTED as to Plaintiff D.J.'s Diamond Imports' interrogatories. Defendants are DIRECTED to completely, substantively, and non-evasively respond to Plaintiff D.J.'s Diamond's interrogatories within fourteen (14) days.[7]

---

[7] In the event the Defendants fail to comply with the Court Order compelling the production of discovery, the requesting party may file a Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b) and the Court may issue the following sanctions: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

I find that Defendants' failure to respond to these interrogatories warrants the imposition of reasonable attorney's fees. Plaintiff D.J.'s Diamond Imports is DIRECTED to file a Certification of Fees and Costs associated with preparing the part of the motion to compel related to Defendants' failure to respond to D.J.'s Diamond Imports' interrogatories.[8] Defendants will file their objections, if any, to Plaintiff's fee and cost assessment within fourteen (14) days of service. I do not believe further sanctions are warranted.

### 2.  Plaintiff Dassa's Interrogatories to Defendant Silverman

Defendant Silverman responded to Plaintiff Dassa's amended interrogatories, but there is a disagreement over the sufficiency of Silverman's responses and objections.

Dassa's Amended Interrogatories #14, 15, 16, 17, 19, 20, and 21 remain in dispute. In general, these interrogatories seek information about the April 2010 and July 2010 Agreements between Defendants, and the sales events that occurred pursuant to those Agreements. *See* ECF No. 56-1 at 9-12. In its answers to each interrogatory, Silverman states: "Objection. This Interrogatory is irrelevant and will not lead to the discovery of admissible evidence on the remaining, limited claim in this action." *Id*. Silverman lodges no other objection, and does not indicate why it could not answer this interrogatory if its relevancy objection were overruled. Dassa contends that this objection is non-specific, boilerplate, and not supported by particularized facts. *Id*. In Defendants' Opposition to the Motion to Compel, they contend that the interrogatories concerning the "April and July 2012 Agreements[9] between [the defendants] . . . are the subject of the Baltimore County case, not the instant case," and that the litigation in this

---

[8] Plaintiff's certification should address only those expenses associated with D.J.'s Diamond Imports' interrogatories. In preparing its certification, Plaintiff should refer to Appendix B of this Court's Local Rules. I do not find that awarding attorney's fees related to the other discovery requests in dispute to be justified.

[9] Presumably, Defendants meant to refer to the "April and July 2010 Agreements." *See* ECF No. 2 ¶ 18.

case has a "collusive purpose." ECF 56-2 at 5.  This contention was not included in Silverman's initial objection, and in any event, provides no further insight as to why these interrogatories are irrelevant.

I agree that Silverman's objections are non-specific, boilerplate and not supported by particularized facts.  Silverman makes no effort to relate his claim that the interrogatories are irrelevant to the underlying facts and legal issues of this case.  "Rule 33(b)(4) requires that 'the grounds for objecting to an interrogatory must be stated with specificity' and cautions that 'any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure.'"  *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008). Silverman's boilerplate objections to these interrogatories waived any legitimate objections Silverman may have had.  This Court has stated, over and over again, that boilerplate objections are improper and that objections must be based on particularized facts.  *See Mancia*, 253 F.R.D. at 358-59 (collecting cases).

Before ordering a party to respond to a discovery request, Rule 26(b)(2)(C) requires the Court to engage in a proportionality analysis and to

> limit the frequency or extent of discovery otherwise allowed by [the] rules . . . if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  I do not find that the discovery sought is disproportional to what is at issue in this case.  Dassa seeks information concerning the items sold, the

compensation paid, the expenses incurred, and the proceeds earned with regard to two agreements during a certain period of time.

Plaintiff Dassa's Motion to Compel is GRANTED as to Dassa's interrogatories to Defendant Silverman. Defendant Silverman is DIRECTED to completely, substantively, and non-evasively respond to Dassa's Amended Interrogatories #14, 15, 16, 17, 19, 20, and 21 within fourteen (14) days.

### 3. Plaintiff Dassa's Interrogatories to Defendant Epstein

Defendant Epstein responded to Plaintiff Dassa's amended interrogatories, but a dispute remains as to Epstein's response to Dassa's Amended Interrogatory #17. *See* ECF No. 56 at 2.

Dassa's interrogatory states: "Pursuant to the July Agreement, the Agent was required to negotiate Client's debt with creditors. Identify the Agent's representative responsible for negotiating such debt and if you were so charged provide in detail the substance of the debt negotiation you conducted with each and every creditor by name and the results of those negotiations." ECF No. 56-1 at 12. Epstein objected, stating: "Objection. This Interrogatory is irrelevant and will not lead to the discovery of admissible evidence on the remaining, limited claim in this action." *Id*. Epstein offers no further clarification of his objection in his Opposition. *See* ECF No. 56-2 at 5. Dassa contends that this boilerplate objection is improper. For the same reasons stated above, in Part II.A.2, I agree.

Before directing Epstein to respond to this Interrogatory, however, I must engage in the proportionality analysis set forth in Rule 26(b)(2). In conducting this analysis, I find that, considering what is at stake in this litigation, the value of a substantive response to this interrogatory in the context of this case is outweighed by the likely burden it would place on Defendant Epstein. I am not satisfied that a reconstruction of the history of debt negotiations

conducted on behalf of Jay Bee Diamonds & Jewelry, Inc. with each of its creditors would provide any likely benefit to either party in this litigation. For that reason, Plaintiffs' Motion to Compel is DENIED as to Dassa's Amended Interrogatory #17 to Defendant Epstein.

### 4. Plaintiff Dassa's Interrogatories to Defendant Allen

Defendant Allen responded to Plaintiff Dassa's amended interrogatories, but disputes remain as to Amended Interrogatories #3, 4, 14, 17, 24, and 25.[10] *See* ECF No. 56 at 3.

Dassa's interrogatories #3, 4, 17, 24, and 25 relate to the April 2010 and July 2010 Agreements. ECF No. 56-1 at 17-21. Interrogatory #14 concerns a promise allegedly made by Allen to Dassa concerning the payment of a Promissory Note. ECF No. 56-1 at 19. Allen objected to each interrogatory with the same, boilerplate objection: "Objection. This Interrogatory is irrelevant and will not lead to the discovery of admissible evidence on the remaining, limited claim in this action." Dassa contends that this boilerplate objection is improper. Allen contends that this interrogatory relates to "a claim previously dismissed by this Court." ECF No. 56-2 at 6.

Under the analysis set forth in Rule 26(b)(2), I find that responses to Interrogatories #3, 4, 17, 24, and 25 would not be disproportionate to what is at stake in this litigation. With respect to Interrogatory #14, however, I find that Allen's objection, more carefully worded, would have been well taken. This interrogatory seeks information that relates solely to a claim that has already been dismissed by the Court. While the burden Allen would suffer responding to this single interrogatory would likely be only slight, its likely benefit to either party in the context of this litigation is even more insignificant. For these reasons, Plaintiff Dassa's Motion to Compel

---

[10] Plaintiffs also note that a dispute remains as to Amended Interrogatory #18, but do not further address this interrogatory in their Motion to Compel. Plaintiffs' Motion to Compel will be DENIED as to this interrogatory.

is GRANTED as to Amended Interrogatories #3, 4, 17, 24, and 25. Defendant Allen is DIRECTED to completely, substantively, and non-evasively respond to Dassa's Amended Interrogatories #3, 4, 17, 24, and 25 within fourteen (14) days. Plaintiff Dassa's Motion to Compel is DENIED as to Amended Interrogatories #14 and 18.

### B. Responses to Document Production Requests

Federal Rule of Civil Procedure 34 governs document production requests. Pursuant to Rule 34, a party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also* Fed. R. Civ. P. 34(b)(2)(C). Thus, a party may object that a document production request exceeds the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); that it should be denied for the grounds stated in Fed. R. Civ. P. 26(b)(2)(C); that it impermissibly requests privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c). All objections to document production requests must be stated with particularity and specificity; objections may not be "boilerplate." *See Hall*, 231 F.R.D. at 470 (holding that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown"); *Thompson*, 199 F.R.D. at 173; *Marens*, 196 F.R.D. at 38–39.

### 1. Plaintiff Dassa's Document Production Request to Defendant Silverman

Plaintiff Dassa's document production requests to Defendant Silverman remain in dispute with respect to Requests #16, 17, 20, 21, 22, 23, 24, 25, and 28. *See* ECF No. 56 at 3-4.

#### a. Requests #16 and 17

Dassa's Document Production Requests #16 and 17 to Silverman seek "[a]ll Silverman Consultants, LLC's federal [and state] tax returns, including all schedules, attachments and worksheets, for the years 2008 through 2011." Silverman responded to each request: "Objection. This request is overly broad and irrelevant for purposes of the remaining limited claim in this litigation. Information contained in the federal [and state] tax returns is irrelevant and not likely to lead to any relevant or admissible evidence." Dassa complains that this objection is boilerplate and improper. Silverman counters, in the Defendants' Opposition, that "[a]ny claim by Dassa for damages pursuant to the Contract would be based upon records of Brown's purchases and resale of gold, etc. from the public, which documents have been produced by Silverman Consultants." ECF No. 56-2.

I find that Silverman's boilerplate objection amounts to a waiver of any legitimate objection it may have had to these requests. I further find that under the proportionality analysis of Rule 26(b)(2), the production of the state and federal tax returns requested is appropriate, considering the circumstances of this case. While Defendants' counsel suggested during the February 19, 2013 telephone status conference that these tax returns do not contain information particularized to any income generated from the store at issue in this case, I have no reason to believe that producing these tax returns would impose a burden on Silverman disproportionate to what is at stake in this litigation.

For this reason, Plaintiff Dassa's Motion to Compel is GRANTED as to Document Production Requests #16 and 17. Defendant Silverman is DIRECTED to produce the requested tax returns, schedules, attachments, and worksheets within fourteen (14) days.

### b. Requests #20, 21, 22, 23, 24, 25, and 28

Dassa's Document Production Requests #20, 21, 22, 23, 24, 25, and 28 seek documents related to: #20 - inventory removed by Silverman from The Store in March 2011; #21 – photographs showing the condition of The Store in March 2011;  #22 – daily sales records related to the period of time covered by the April and July 2010 Agreements; #23 – receipts for items bought from the public at The Store during the April and July 2010 Agreements; #24 – deposit slips reflecting deposits made from sale proceeds of the Sale Event referred to in the April and July 2010 Agreements; #25 – financial statements for accounts referred to in the April and July 2010 Agreements; and, #28 – certain email correspondence related to the December 11, 2006 Contract and the April and July 2010 Agreements. ECF No. 56-1 at 23-25.

Silverman responded to Requests #20, 21, 22, 23, 24, and 25 with a boilerplate objection: "Objection.  This request is irrelevant for purposes of the remaining limited claim.  This request is not likely to lead to any relevant or admissible evidence." ECF No. 56-1 at 23-25. Dassa contends that this boilerplate objection is improper.  Silverman, in Defendants' Opposition, argues that the documents requested relate to "the April and July [2010] Agreements," are not the subject of this case, and "further demonstrate[] the collusive purpose" of this litigation. ECF No. 56-2 at 7.  I find that Silverman's boilerplate objections amount to a waiver of any legitimate objections it may have had to these requests.  Silverman responded to Request #28, stating: "This request is subsumed in Request No. 2 and 3."  This response is not sufficient and should be clarified.

I further find that under the proportionality analysis of Rule 26(b)(2), the production of the document requested in Requests #20, 21, 22, 23, 24, 25, and 28 is appropriate, considering the circumstances of this case.  Plaintiffs' Motion to Compel is GRANTED as to Requests #20, 21, 22, 23, 24, and 25.  Defendant Silverman is DIRECTED to produce the requested documents within fourteen (14) days. As to Request #28, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  Defendant Silverman is DIRECTED to clarify its response to this request. To the extent that all emails requested have already been produced in response to a separate request, Defendant Silverman should state this in a clear and non-evasive response.  If emails exist, or existed at one time, that have not already been produced in response to a separate request, Defendant Silverman should produce the emails and explain why they were not produced previously.

### 2. Plaintiff Dassa's Document Production Requests to Defendant Epstein

Plaintiff Dassa's document production requests to Defendant Epstein remain in dispute with respect to Requests #5, 6, and 7.  *See* ECF No. 56 at 4.

#### a. Request #5

Dassa's Document Production Request #5 seeks "[a]ll documents in David Rice, Trustee v. Silverman Consultants, Inc. Adversary Proceeding #03-08167."  ECF No. 56-1 at 26.  Epstein objected, stating: "Objection.  This request is irrelevant for purposes of the remaining limited claim.  This request is not likely to lead to any relevant or admissible evidence.  Additionally, the requested documents are public records and are available from the Bankruptcy Court."  ECF No. 56-1 at 26.  Dassa contends that he is unable to access the records, and that Epstein's non-particularized relevance objection is improper.

I agree that Epstein's boilerplate objection is improper, but will not order Epstein to produce the documents sought in Request #5. These documents relate to a case that was closed in a bankruptcy adversary proceeding several years before the facts giving rise to Plaintiffs' complaint. Epstein should have been more particular in his objection, but in this case, I agree that the documents sought are not relevant to this litigation. In addition, considering the proportionality analysis of Rule 26(b)(2), I find that Plaintiffs might obtain this discovery from another source, namely, by contacting the case's assigned administrator at the United States Bankruptcy Court for the District of Maryland. I also find that, given the case's age, any likely benefit to the parties from the production of the requested documents is outweighed by the burden Epstein would suffer in locating and reproducing the documents for Dassa, when Dassa might do the same thing without Epstein's assistance. Plaintiffs' Motion to Compel is DENIED as to Document Production Request #5 to Epstein.

### b.    Requests #6 and 7

Dassa's Document Production Requests #6 and 7 seek "[a]ll Sale Account records for the Sale Event pursuant to the April [and July] Agreement[s]." ECF No. 56-1 at 27. Epstein objected, stating: "Objection. This request is irrelevant for purposes of the remaining limited claim. This request is not likely to lead to any relevant or admissible evidence." *Id*.

For the same reasons as I have stated above, this boilerplate objection waives any legitimate objection Epstein may have had. In addition, I do not find that the production of the requested documents would be disproportionate to what is at stake in this litigation. Plaintiffs' Motion to Compel is GRANTED as to Document Production Requests #6 and 7 to Epstein. Defendant Epstein is DIRECTED to produce the requested documents within fourteen (14) days.

### 3. Plaintiff Dassa's Document Production Requests to Defendant Allen

Plaintiff Dassa's document production requests to Defendant Allen remain in dispute with respect to Requests #5, 6, 7, 8, 10, 13, 14, 15, 18, 19, 20, and 21.  *See* ECF No. 56 at 4-5.

#### a. Requests #5 and 6

Dassa's Document Production Requests #5 and 6 seek emails sent and received by Defendant Allen relating to the subject matter of this litigation.  ECF No. 56-1 at 30-31.  Allen produced three email messages and stated that "[a]ll available records are attached."  ECF No. 56-1 at 30.  Dassa suggests that Allen's use of the phrase "available records" indicates that email messages exist that were not produced by Allen.  I agree that this response is vague and requires clarification.  Rule 34 requires a party to produce those documents that are within the party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Even where a party does not have legal ownership or physical possession of the documents at issue, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party."  *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009).

Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.  Defendant Allen is DIRECTED, within 14 days to produce the requested email messages that have not already been produced, if such messages exist, and to clarify his response to these requests.  Specifically, Allen should explain with specificity why only three email messages were "available" for production.

#### b. Requests #7, 8, 10, 14, 15, 18, 19, 20, and 21.

Dassa's Document Production Requests #7, 8, 10, 14, 15, 18, 19, 20, and 21 seek documents related to items sold at The Store pursuant to the April and July 2010 Agreements.

To each request, Defendant Allen has objected with the same boilerplate objection: "Objection. This request is irrelevant for purposes of the remaining limited claim. This request is not likely to lead to any relevant or admissible evidence." ECF No. 56-1 at 31-35.

For the same reasons as I have stated above, this boilerplate objection waives any legitimate objection Allen may have had. In addition, I do not find that the production of the requested documents would be disproportionate to what is at stake in this litigation. Plaintiffs' Motion to Compel is GRANTED as to Document Production Requests #7, 8, 10, 14, 15, 18, 19, 20, and 21 to Allen. Defendant Epstein is DIRECTED to produce the requested documents within fourteen (14) days.

### c.    Request #13

Dassa's Document Production Request #13 seeks "[a]ll documents reflecting everything 'turned over' to the attorney as referenced in your November 30, 2011 deposition testimony taken in *Silverman Consultants, LLC v. Jack I. Brown, et al.*, Case No. 03-C-11-003794." ECF No. 56-1 at 32. Defendant Allen objects, stating: "Objection. This request is irrelevant for purposes of the remaining limited claim as it relates to separate litigation in the Circuit Court for Baltimore County. The records are voluminous and are not likely to lead to any relevant or admissible evidence." ECF No. 56-1. Dassa argues that this objection is boilerplate and not supported by particularized facts.

I agree with Dassa. While Allen asserts that the documents requested are related to "separate litigation," he provides no factual support to demonstrate why the documents are irrelevant to the issues in this case. In addition, Allen's conclusory assertion that "the records are voluminous" is an improper objection, as it is boilerplate and devoid of factual particularization.

Considering the Rule 26(b)(2) analysis, however, I find that the production of these documents at this late stage in the case would impose a burden that is disproportionate to the likely benefit of production. While Allen's boilerplate objection is of no assistance to the Court in this analysis, the absence of any argument concerning this production request in Plaintiffs' lengthy pleading suggests that the documents requested may not be as important as other documents addressed in the pleading. Plaintiffs' Motion to Compel is DENIED as to Document Production Request #13.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. My ruling as to each discovery request is summarized below.

1. As to Plaintiff D.J.'s Diamond Imports' Amended Interrogatories to Defendants, Plaintiffs' Motion to Compel is GRANTED. Defendants are directed to respond to the Interrogatories within fourteen (14) days.

2. As to Plaintiff Dassa's Amended Interrogatories #14, 15, 16, 17, 19, 20, and 21 to Defendant Silverman, Plaintiffs' Motion to Compel is GRANTED. Defendant Silverman is directed to respond to these interrogatories within fourteen (14) days.

3. As to Plaintiff Dassa's Amended Interrogatory #17 to Defendant Epstein, Plaintiffs' Motion to Compel is DENIED.

4. As to Plaintiff Dassa's Amended Interrogatories #3, 4, 17, 24, and 25 to Defendant Allen, Plaintiffs' Motion to Compel is GRANTED. Defendant Allen is directed to respond to these interrogatories within fourteen (14) days.

5. As to Plaintiff Dassa's Amended Interrogatory #14 and 18 to Defendant Allen, Plaintiffs' Motion to Compel is DENIED.

6. As to Plainitff Dassa's Document Production Requests #16, 17, 20, 21, 22, 23, 24, and 25 to Defendant Silverman, Plaintiffs' Motion to Compel is GRANTED. Defendant Silverman is directed to produce the requested documents within fourteen (14) days.

7. As to Plaintiff Dassa's Document Production Request #28 to Defendant Silverman, Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. Defendant Silverman is directed to clarify its response to this request within fourteen (14) days.

8. As to Plaintiff Dassa's Document Production Request #5 to Defendant Epstein, Plaintiffs' Motion to Compel is DENIED.

9. As to Plaintiff Dassa's Document Production Requests #6 and 7 to Defendant Epstein, Plaintiffs' Motion to Compel is GRANTED. Defendant Epstein is directed to produce the requested documents within fourteen (14) days.

10. As to Plaintiff Dassa's Document Production Requests #5 and 6 to Defendant Allen, Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. Defendant Allen is directed to clarify its responses to these requests within fourteen (14) days.

11. As to Plaintiff Dassa's Document Production Requests #7, 8, 10, 14, 15, 18, 19, 20, and 21 to Defendant Allen, Plaintiffs' Motion to Compel is GRANTED. Defendant Allen is directed to produce the requested documents within fourteen (14) days.

12. As to Plaintiff Dassa's Document Production Request #13 to Defendant Allen, Plaintiffs' Motion to Compel is DENIED.

A separate Order will follow.

| April 1, 2013 | /s/ |
|---|---|
| Date | Timothy J. Sullivan<br>United States Magistrate Judge |