IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
D.J.'s DIAMOND IMPORTS, LLC   *
et al.                        *
                              *
v.                            *
                              *    Civil Action No. WMN-11-2027
SILVERMAN CONSULTANTS, LLC    *
et al.                        *
                              *
   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM & ORDER**

Before the Court is a motion to dismiss or for judgment on the pleadings which seeks as relief the dismissal of Plaintiff D.J.'s Diamond Imports, LLC (D.J.'s Diamonds) as a plaintiff. ECF No. 44. The motion is fully briefed.[1] Upon a review of the papers and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and the motion will be denied.

The factual background of this dispute was set forth in this Court's previous memorandum opinion, ECF No. 27, granting in part and denying in part Defendants' first motion to dismiss. That background will not be repeated here. Briefly stated, however, this case relates to a December 11, 2006, contract between Plaintiff Yaacov Dassa and Defendant Jack Brown. In their Amended Complaint, Dassa and Plaintiff D.J.'s Diamond

---

[1] This motion has been pending for some time. The Court deferred ruling on the motion in light of a settlement conference scheduled for June 6, 2013. The parties were unsuccessful in reaching a settlement in the conference.

1

Imports, LLC, a Maryland Limited Liability Company owned by Plaintiff Dassa, asserted 22 separate claims against Brown and several other Defendants.  In its previous opinion, the Court dismissed all but three counts in the Amended Complaint.  Those surviving counts bring claims for tortious interference with contract and are related to the December 11, 2006, contract.

After the Court ruled on the previous motion to dismiss, Defendants answered the Amended Complaint, the Court issued a scheduling order, and discovery commenced.  Discovery was stayed, however, for several months pending settlement negotiations but that stay was lifted on November 6, 2012.  Shortly thereafter, Defendants filed the instant motion in which they argue that D.J.'s Diamonds must be dismissed as a plaintiff on the grounds that D.J.'s Diamonds was not a party to the underlying contract.  Defendants suggest that Plaintiffs impermissibly took advantage of D.J.'s Diamonds' status as an additional but improper Plaintiff to permit them to serve additional discovery requests.

In opposing the motion, Plaintiffs argue that the motivation for this motion has more to do with Defendants' desire to avoid the ramifications of their failure to properly respond to the discovery requests issued by D.J.'s Diamonds than

2

with the merits of the motion itself.[2]  As to the merits of Defendants' motion, Plaintiffs counter that, because the December 11, 2006, contract was terminable at will, a claim of tortious interference with that contract is analyzed as a claim for tortious interference with economic relations.  ECF No. 48-1 (citing Macklin v. Robert Logan Assocs., 639 A.2d 112, 118 (Md. 1994)).  As such, they argue that a plaintiff need not be an actual party to a contract to bring a tortious interference claim.  Id. (citing Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010)).  Defendants essentially ignore this argument in their reply memorandum.

The Court concludes that Defendants' motion must be denied.  In bringing its previous motion to dismiss, Defendants acknowledged that the contract at issue was terminable at will.  See ECF No. 15-1 at 7.  Defendants are correct that, under Maryland law, where a contract is terminable at will, a claim for interference with that contract is treated as a claim of intentional interference with economic relations.  Macklin, 639 A.2d at 118; Carter v. Aramark Sports & Entertainment Servs., Inc., 835 A.2d 262, 280 (Md. Ct. Spec. App. 2003).  To prove a claim for intentional interference with economic relations, a plaintiff must establish: (1) intentional and willful acts; (2)

---

[2]  This discovery dispute has been resolved by Magistrate Judge Timothy Sullivan.  ECF Nos. 60 and 61.

calculated to cause damage to the plaintiff in its lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.  Carter, 835 A.2d at 279-80.  In its previous memorandum, this Court held that the allegations in the complaint were sufficient to support an intentional interference claim, albeit by a slim thread.  ECF No. 27 at 16-17.

Accordingly, it is the 11th day of June, 2013, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendants' Motion to Dismiss/Motion for Judgment on the Pleadings to Dismiss Plaintiff D.J.'s Diamond Imports, LLC, ECF No. 44, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge