## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

D.J.s DIAMOND IMPORTS, LLC, et al.   :

     v.                     :       CIVIL ACTION NO. WMN-11-2027

JACK BROWN, et al.             :

**\*\*\*\*\*\*\*\*\*\*\***

### AMENDED SCHEDULING ORDER

1. A pretrial conference is scheduled for <u>May 1, 2014 at 9:30 a.m.</u> with the pretrial order, including any motions in limine, due in chambers five days prior to the pretrial conference.

2. Requested voir dire, jury instructions and witness lists shall be e-filed with the Court, and a hard copy delivered to chambers by <u>May 1, 2014</u>.  Any request for an instruction should be based on the pattern Modern Federal Jury Instructions, Sand et al. or, where Maryland law is applicable, on the Maryland Pattern Jury Instructions.  Submissions should be by photocopy of the pattern instruction with any requested change or modification handwritten by interlineation.

3. The <u>4 day</u> jury trial in this matter shall commence on <u>May 12, 2014</u>, at 10:00 a.m.; counsel are to arrive in chambers at 9:30 a.m. to discuss voir dire and jury instructions.

4. Counsel for the parties shall mark their documentary or physical evidence numerically in advance of trial, and shall provide a list containing a brief description of each item so marked.  [See attached instructions].

5. The Clerk of Court shall transmit copies of this Scheduling Order to counsel in this case.


Dated:  <u>January 9, 2014</u>

                          _____ /s/ _____
                          William M. Nickerson
                          Senior United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Instructions for Preparation of Exhibits and De Bene Esse Depositions for Use at Trial**

**Premarking Exhibits (Local Rule 106.7A)**

1. Counsel are to premark all exhibits that may be introduced at trial and be prepared to submit to the Clerk, the Court, and opposing counsel, at least one business day prior to the scheduled trial date, two copies of an exhibit list. Unless counsel so desire, it is not necessary to provide a copy of the exhibits to opposing counsel or to the judge. All exhibits are to be marked with the tags enclosed and shall be retained by counsel until they are presented at trial.

2. It is desirable that the admissibility of as many exhibits as possible be stipulated so that these exhibits may be admitted into evidence at the beginning of trial. Those exhibits so stipulated should receive the first exhibit numbers.

3. Per L.R. 107.5.b, unless otherwise ordered by the Court or counsel requests that a particular exhibit be marked for identification only, whenever an exhibit number is first mentioned by counsel during the examination of a witness at trial, the exhibit shall be deemed to be admitted into evidence unless opposing counsel asserts an objection.

4. Exhibit tags for numbering and attaching to the exhibits are enclosed. A tag should be stapled to the upper left corner of the exhibit. The number of the tag should correspond to the number of the exhibit described on the exhibit list. If the document to be marked is small and could possibly be lost or misplaced because of its size, it is requested that you staple the document to a larger sheet of paper and affix the tag to same. Also, if the documents are small and numerous they may be grouped, given the same exhibit number and placed in a large letter size envelope. For tags on groups of photographs or checks, please affix a separate tag on each photograph/check and number as follows: 1-A, 1-B, etc. Insert the full case number on the sheet of tags and, if there is more than one party or more than one case being tried simultaneously, please insert the name of the one party you represent or all case numbers on each tag before copying. Please copy appropriate number of tags needed and cut them so they may be attached to the exhibits.

5. When numbering exhibits, the following colors of ink should be used to write the exhibit number on the tags to designate parties:               Plaintiff - Red
                                                          Defendant - Blue

6. Leave the "Admitted" and "Identified" areas blank on the exhibit list and tags.

7. Give a brief description of each exhibit on the exhibit list. The list should be typewritten and double-spaced.

8. <u>De Bene Esse Deposition – L.R.106.2k.</u> If a party desires to introduce into evidence at trial portions of a deposition in lieu of live testimony, the agreed portions and objected portions designated by page and line shall be listed in the proposed Pretrial Order.

9. <u>Disposition of Exhibits – L.R.113.</u> Counsel are requested to read Local Rule 113 and acquaint themselves with the procedure for disposition of all trial exhibits at the conclusion of the case.

PLAINTIFF'S EXHIBIT NO. _____     PLAINTIFF'S EXHIBIT NO. _____

CASE NO. _____     CASE NO. _____

IDENTIFICATION: _____     IDENTIFICATION: _____

ADMITTED: _____     ADMITTED: _____


PLAINTIFF'S EXHIBIT NO. _____     PLAINTIFF'S EXHIBIT NO. _____

CASE NO. _____     CASE NO. _____

IDENTIFICATION: _____     IDENTIFICATION: _____

ADMITTED: _____     ADMITTED: _____


PLAINTIFF'S EXHIBIT NO. _____     PLAINTIFF'S EXHIBIT NO. _____

CASE NO. _____     CASE NO. _____

IDENTIFICATION: _____     IDENTIFICATION: _____

ADMITTED: _____     ADMITTED: _____


PLAINTIFF'S EXHIBIT NO. _____     PLAINTIFF'S EXHIBIT NO. _____

CASE NO. _____     CASE NO. _____

IDENTIFICATION: _____     IDENTIFICATION: _____

ADMITTED: _____     ADMITTED: _____


PLAINTIFF'S EXHIBIT NO. _____     PLAINTIFF'S EXHIBIT NO. _____

CASE NO. _____     CASE NO. _____

IDENTIFICATION: _____     IDENTIFICATION: _____

ADMITTED: _____     ADMITTED: _____


PLAINTIFF'S EXHIBIT NO. _____     PLAINTIFF'S EXHIBIT NO. _____

CASE NO. _____     CASE NO. _____

IDENTIFICATION: _____     IDENTIFICATION: _____

ADMITTED: _____     ADMITTED: _____

**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____


**DEFENDANT'S EXHIBIT NO.** _____

**CASE NO.** _____

**IDENTIFICATION:** _____

**ADMITTED:** _____

**vs.**

**Civil Case No.:**

**Exhibits:**

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**TRIAL PROCEDURE**
**BEFORE JUDGE WILLIAM M. NICKERSON**

1.  **Trial engagements take precedence over any other business.  If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.**

2.  **Bench conferences to discuss objections to evidence are discouraged.  To the extent that issues of admissibility have not been resolved at the pretrial conference, they will be discussed in the morning before trial commences or after the jury is excused for the day.**

3.  **Exhibits**

    A.  **You must pre-mark exhibits.**

    B.  **You should not formally move exhibits into evidence.  Under Local Rule 107.5.b they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.**

    C.  **You may circulate exhibits to the jury without asking permission of the court provided you then continue with questioning.**

    D.  **If you plan to use exhibit books, you should first confer with opposing counsel about their contents and bring to the attention of the court any matters in dispute.  Please provide copies for one lawyer per party, a copy for the witness, a copy for the judge, and (at your option) a copy for each juror.**

    E.  **Exhibits and demonstrative aids may not be displayed to the jury during opening statement or closing argument unless you have previously shown them to opposing counsel.**

4.  **Please do not stand for the entrance of the jurors into the courtroom or for their departure.**

5.  **It is preferable that you question witnesses from your seat at counsel table, but, if you prefer, you may question from a standing position at the trial table or behind the podium a respectful distance from the jury.**

    **Treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).**

    **Do not appear to address yourself to jurors when questioning a witness.**

6.  **Your opening statement to the jury should be limited to a CONCISE and NON-ARGUMENTATIVE summary of the key evidence anticipated.**

    **Unless prior court approval is obtained, the statement should not exceed 20 minutes.**

**7.  Objections**

　　**A.  You should not make speaking objections or, unless invited to do so by the court, argue rulings in front of the jury.**

　　**B.  Do not ask a witness whether it "would surprise you to know" that a certain event occurred.**

　　**C.  Do not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?'  (or "was she lying" or "not telling the truth"?)**

　　**D.  Do not remind a witness that he is under oath or ask whether he expects the jury to believe his testimony.**

**8.  The jury should hear the instructions on the law of the case from the Court, an impartial source. In your final argument, you may tell the jury what you believe the substance of the Court's instruction on a particular subject will be, but do not read or quote any instruction.**

**9.  Cellular Phones**

　　**Please turn off (and instruct your clients and witnesses to turn off) all cellular phones before entering the courtroom.**

**10. Food and Drink**

　　**Please do not bring any food or drink (other than water) into the courtroom.  If you want to use bottled water, you should pour it into the pitchers provided by the court.**

**11. Do not remove any exhibits from the courtroom clerk's desk without the clerk's permission.**

**12. The courtroom telephone on the clerk's desk is not to be used by anyone other than the clerk unless specifically authorized by the court.**