IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

D.J.'s DIAMOND IMPORTS, LLC    *
et al.    *
   *
v.    *
   *    Civil Action No. WMN-11-2027
SILVERMAN CONSULTANTS, LLC    *
et al.    *
   *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM & ORDER**

Pending before the Court are several motions in limine.
ECF Nos. 83, 84, 85, 86 (Plaintiffs') and 91 (Defendants').  A
hearing was held on these motions on May 8, 2014.  In that
hearing, the Court indicated its intended ruling as to some
motions, but reserved as to others.  This Memorandum and Order
resolves all pending limine motions and memorializes the setting
of a new trial date as established in that hearing.

The factual background of this dispute was set forth in
this Court's previous opinions, ECF Nos. 27 and 78, and that
background will not be repeated here in any detail.  Briefly
stated, however, this case relates to a December 11, 2006,
contract between Plaintiff Yaacov Dassa and Defendant Jack Brown[1]
whereby Dassa, through Plaintiff D.J.'s Diamond Imports, LLC,

---

[1]  The contract was between Dassa and "Jack Brown doing business
as Bonded Jewelry."  ECF No. 1-3.  Brown also operated an
entity, Jay Bee Diamonds & Jewelry, Inc.  For purposes of this
Memorandum and Order, the Court will, in most instances, refer
to Brown and his various enterprises simply as "Brown."

would finance the purchase of precious metals and jewelry, and Dassa and Brown would then split all profits from their resale. After Brown entered into other contracts with Defendant Silverman Consultants (Silverman) to conduct certain promotional sales in his store, Plaintiffs contend that Silverman; Silverman's President, Robert Epstein; and the Silverman employee assigned to manage the sales, Craig Allen, prevented Dassa from continuing his contractual relationship with Brown.

The sole surviving claim is a claim for interference with that contractual relationship.  Because the contract was terminable at will, this Court has ruled that, to prevail on their interference claim, Plaintiffs must establish that Defendants acted "improperly or wrongly."  ECF No. 27 at 16. The Court found that allegations of threats of physical violence and intimidation, particularly those related to a June 15, 2010, altercation between Plaintiff Dassa and Defendant Craig Allen, could, if believed by the jury, support Plaintiffs' interference claim.  Id.

Defendants challenge the veracity of Plaintiffs' allegations in general and, specifically, paint a very different picture as to which party was the aggressor in the June 15, 2010, altercation.  In addition, Defendants proffer that, pursuant to Defendants' own contracts with Brown, they were made Brown's agents and, as such, cannot be found to have interfered

2

with a contractual relationship in which Brown was a party.
Defendants also argue that, because of this agency relationship,
they were released from any liability under a Settlement
Agreement into which Dassa and Brown entered and under which the
claims against Brown in this action were dismissed and Brown
"and his agents" were released from all liability.  In a
previous ruling, this Court held that there are genuine disputes
of material fact as to the existence and scope of any agency
relationship between Defendants and Brown.  ECF No. 78 at 11.

In Plaintiffs' first motion in limine, ECF No. 83, they
sought to exclude the deposition testimony of Sam Bowerman, an
employee of Brown's that witnessed the June 15 altercation.  For
the reasons stated on the record, the Court denied that motion.
Accordingly, should Bowerman's testimony at trial prove
different than his testimony in deposition, that deposition
testimony can be used as a prior inconsistent statement for
purposes of impeachment.  Defendants will also be permitted to
attempt to impeach Mr. Bowerman using testimony concerning the
underreporting of income for tax purposes.  Such testimony would
go to the issue of credibility.

Plaintiffs' second limine motion, ECF No. 84, seeks to
prevent the admission of the Settlement Agreement between Brown
and Dassa pursuant to which the claims against Brown in this
action were dismissed.  Plaintiffs suggest that the Settlement

Agreement is irrelevant to the remaining claims in this litigation, and that Defendants' characterization of the agreement is misleading, inflammatory, and prejudicial.  In addition to excluding the agreement, Plaintiffs ask that the Court preclude Defendants from using inflammatory or negative language to suggest any improper relationship between Dassa and Brown.  Defendants counter that the Settlement Agreement is relevant because it acknowledges the contracts between Defendants and Brown on which Defendants based their agency argument and also provides the grounds for their "release" argument.  In addition, Defendants suggest that the Settlement Agreement can be used to impeach Brown in that it resulted in the alignment of Brown's interests with those of Plaintiffs.

The Court will deny this motion as the Settlement Agreement's potential relevancy outweighs any potential prejudice.  The agreement undeniably has some relevance to the factual basis of Plaintiffs' remaining claim.  The extensive preamble of the Settlement Agreement details Dassa's and Brown's understanding of their own agreement, Brown's relationship with Defendants, and Defendants' interference with the Dassa/Brown contractual relationship.  It also provides the only possible basis for Defendants' release defense.

The Court also notes that its admission is not particularly prejudicial.  While Defendants argue that the Settlement

4

Agreement "references and recognizes" the contracts between
Brown and Silverman Consultants "wherein Silverman Consultants
is specified as the 'Agent' of Jay Bee," ECF No. 98 at 5, the
Settlement Agreement actually challenges, more than
"recognizes," any agency relationship.  See ECF No. 98-2,
Settlement Agreement at 2 (stating that "despite" the
Silverman/Brown contracts' classification of Silverman as an
"agent," Silverman never acted in a manner consistent with that
role).  Defendants also suggest that the Settlement Agreement
provided for "cooperation between [Plaintiffs' and Brown's]
counsel." ECF No. 98 at 5.  Under the terms of the Settlement
Agreement, however, Brown simply agreed that his counsel would
provide Plaintiffs' counsel with updates on the status of a
pending state court action between Brown and Silverman.  See ECF
No. 98-2 at 10.

    Plaintiffs' third and fifth limine motions, ECF Nos. 85 and
97, relate to communications between Plaintiffs' counsel and
Defendants.  The third relates to a conversation that allegedly
took place between Plaintiffs' counsel and Craig Allen in August
of 2010.  Plaintiffs' counsel states that she has no memory of
this conversation and strenuously disputes that she would have
said some of the things that Allen attributes to her.  The fifth
motion relates to a November 1, 2010, letter written by
Plaintiffs' counsel to Allen concerning some unpaid invoices for

jewelry consigned by Dassa to Brown and also relating Dassa's continued interest in buying and selling in Brown's store.

The Court will grant both motions.  Both the alleged conversation and the sending of the letter occurred after the critical events had taken place that Plaintiffs contend interfered with their contractual relationship with Brown. These communications were attempts to resolve the conflict short of litigation.  Accordingly, any potential relevance that they might have is outweighed by the prejudice to Plaintiffs, most notably in that challenging the accuracy of Allen's version of the conversation or explaining the context of the letter would require Plaintiffs' counsel to testify, something she cannot do under Rule 3.7 of the Rules of Professional Conduct.

In addition, as Plaintiffs note, Defendants seek to use these communications more for the purpose of highlighting what Plaintiffs' counsel did not say than what she did say. Defendants would have the jury infer that, because these communications do not complain about the alleged interfering conduct, that conduct must not have occurred.  To the contrary, in her effect to resolve the conflict, counsel might have simply chosen to omit acrimonious accusations in the hope of resolving the dispute.  But again, to explain her motivation, counsel would be required to testify, something she cannot do.

Plaintiffs' fourth limine motion, ECF No. 86, seeks to exclude any evidence related to alleged domestic violence claims filed against Plaintiff Dassa by his ex-wife.  This motion will be granted.  As Defendants' counsel acknowledged in the hearing, there have been <u>claims</u> of domestic violence asserted against Dassa.  There has not been any adjudication that those claims are true.

Defendants' motion in limine, ECF No. 91, relates to Plaintiffs' proof of damages.  While Plaintiffs identified in their discovery responses the documents on which they would base their damage calculation, and produced, for the most part, those documents as part of settlement negotiations, Defendants fault Plaintiffs for not timely producing those documents <u>in the context of discovery</u>.  For reasons stated on the record in the hearing, the Court denied the motion.  The Court did permit, however, that should Defendants wish to probe further into how Plaintiffs believe those documents support their damage calculation, Defendants can note a deposition for that purpose within 30 days of the date of the hearing.

Finally, as noted in the hearing, the spouse of one of the parties has experienced a medical emergency that requires the continuance of the trial in this action.  The four day jury trial of this matter will now commence on October 27, 2014.

Accordingly, it is the 20th day of May, 2014, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiffs' motion to exclude deposition testimony of Sam Bowerman, ECF No. 83, is DENIED;

2) That Plaintiffs' motion to exclude evidence of Settlement Agreement and inflammatory references to the Settlement Agreement, ECF No. 84, is DENIED;

3) That Plaintiffs' motion to exclude evidence regarding Defendant Craig Allen's conversation with Plaintiffs' counsel, ECF No. 85, is GRANTED;

4) That Plaintiffs' motion to exclude evidence of alleged domestic violence claims filed against Plaintiff by his ex-wife, ECF No. 86, is GRANTED;

5) That Defendants' motion in limine to exclude certain damages evidence, ECF No. 91, is DENIED;

6) That Defendants are permitted 30 days in which to note any deposition related to the evidence referenced in ECF No. 91;

7) That Plaintiffs' motion to exclude Plaintiffs' counsel's pre-litigation letter to Defendant Craig Allen, ECF No. 97, is GRANTED;

8) That trial of this matter is continued until October 27, 2014; and

9) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____

William M. Nickerson
Senior United States District Judge